**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Lopez Amaya,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Southwest Auto Sales & Finance LLC, et al.,<br><br>　　　　　Defendants. | No. CV-25-02180-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Pacific Financial Auto, LLC's ("Pacific Financial") Motion to Dismiss (Doc. 12), and Plaintiff Francisco Lopez Amaya's Motion to Strike the Motion to Dismiss. (Doc. 13). Pacific Financial did not respond to Plaintiff's Motion to Strike. Plaintiff also moved for alternative service on multiple defendants. (Doc. 14). The Court now rules.

**I.　　Background**

Plaintiff worked as a mechanic for Downtown Motors, an automobile dealership in Phoenix, from March 2025 to June 2025. (Doc. 1 at 4, 8). He alleges that the following people and entities own Downtown Motors and employed him: Pacific Financial, Southwest Auto Sales & Finance LLC ("Southwest Auto"), Jose G. Lopez Verdin and Jane Doe Verdin ("the Verdins"), and Fabian A. Vazquez Velo and Jane Doe Velo ("the Velos"), (collectively "Defendants"). (Doc. 1 at 4–6). Jose Verdin is Southwest Auto's statutory agent. (Doc. 14-2 at 2). Fabian Velo is Pacific Financial's statutory agent.[1] (Doc.

---

[1] The Arizona Corporation Commission lists "Fabian Vasquez" as Pacific Financial's statutory agent, but Plaintiff's complaint and the motion to dismiss refer to this defendant

14-3 at 2). Plaintiff sued Defendants for failure to pay him for his final two weeks of work. (Doc. 1 at 9). Plaintiff alleges that he worked 144 hours "without being paid any wage whatsoever." (Doc. 1 at 8–9). He alleges that Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and several Arizona statutes, A.R.S. §§ 23-362, *et seq.*, -350, *et seq.* (Doc. 1 at 2).

## II. Motion to Dismiss and Motion to Strike

Pacific Financial, "by and through its manager and agent, Fabian A. Vazquez Velo" moved to dismiss, claiming that Plaintiff had mistakenly named the wrong business entity and that Pacific Financial "has no connection to the subject matter of this lawsuit." (Doc. 12 at 1). Plaintiff then moved to strike the motion because Pacific Financial was not represented by counsel. (Doc. 13 at 2–3).

The Court agrees with Plaintiff that Pacific Financial must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.); *Republic Servs. Procurement Inc. v. Weston and Assocs. LLC*, No. CV-24-01287-PHX-JJT, 2024 WL 5362687, at *1 (D. Ariz. Nov. 1, 2024) (citing *Rowland* and finding an LLC defendant "may not proceed or appear in this Court without counsel"). Because Pacific Financial failed to retain counsel, the motion to dismiss was improper. Accordingly, the Court will grant Plaintiff's motion to strike the motion to dismiss.

## III. Motion for Alternative Service

After filing his complaint on June 24, 2025, (Doc. 1), Plaintiff made several attempts to serve Defendants. On July 8, 2025, a process server, Mark Hepp ("Hepp"), successfully served the Velos at their residential address. (Doc. 14-1 at 3). Hepp delivered the complaint and summons to Mrs. Velo, who identified herself as Fabian Velo's wife, but refused to provide her name. (Doc. 14-1 at 3). She stated that her husband was not home. (Doc. 14-1 at 3). Hepp explained that he also had a summons for Pacific Financial, but that he could

---

as "Fabian A. Vazquez Velo." The Court refers to this defendant as "Mr. Velo" throughout the Order.

- 2 -

only serve Mr. Velo, Pacific Financial's sole statutory agent, unless he authorized another person to accept the summons on his behalf. Hepp asked if Mrs. Velo could call her husband and receive authorization to accept service, but she declined. (Doc. 14-1 at 3). Two days after serving Mrs. Velo, Hepp returned to the Velos' home and attempted service, but was unsuccessful. (Doc. 14-1 at 3). Plaintiff now requests an Order authorizing alternative service to Pacific Financial at Mr. Velo's residential address via "regular U.S. Mail and Certified U.S. Mail." (Doc. 14 at 2).

Plaintiff attempted to serve Southwest Auto and the Verdins (the "Southwest Auto Defendants") four times. The first two attempts were made at Southwest Auto's business address, and both times, an employee informed Hepp that Mr. Verdin was rarely at the dealership. (Doc. 14-2 at 2). During the second attempt, Hepp gave his contact information to the employee. (Doc. 14-2 at 2). Shortly after Hepp left the dealership, he received a call from Mr. Verdin. (Doc. 14-2 at 3). Hepp identified himself and explained why he needed to serve Mr. Verdin, but Mr. Verdin refused to share when he would be at the dealership to receive service and told Hepp he could "leave [the summons and complaint] when he was not [at the dealership]." (Doc. 14-2 at 3). Two days after the second attempt and phone call, Hepp texted the number Mr. Verdin had called him from—Hepp again explained the need to effectuate service and asked for his availability to coordinate service. (Doc. 14-2 at 3). Mr. Verdin never responded. (Doc. 14-2 at 3). Hepp's third attempt at service was made at the address listed on the Arizona Corporation Commission's website for Southwest Auto's statutory agent. (Doc. 14-2 at 3). An employee at that location stated that they did not know the Verdins. (Doc. 14-2 at 3). Hepp returned to Southwest Auto's business address and attempted service for the fourth time (the third time at that location), which was unsuccessful. (Doc. 14-2 at 3). Plaintiff now seeks authorization to serve the Southwest Auto Defendants at Southwest Auto's statutory agent's address via "regular U.S. Mail and Certified U.S. Mail." (Doc. 14 at 4, 7).

**A. Legal Standard**

Federal Rule of Civil Procedure ("Federal Rule") 4(e)(1) allows summons to be

served on an individual in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Arizona Rule of Civil Procedure ("Arizona Rule") 4.1(k) provides procedures for "alternative means of service." Ariz. R. Civ. P. 4.1(k). Under this rule, "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." *Id.* 4.1(k)(1). "If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and "must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." *Id.* 4.1(k)(2).

The standard for impracticability under Arizona Rule 4.1(k) "requires something less than the 'due diligence' showing required before service by publication may be utilized," and "something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Blair v. Burgener*, 245 P.3d 898, 903–04 (Ariz. Ct. App. 2010). In the context of Arizona Rule 4.1(k), "impracticable" simply means that the traditional means of service have proven to be "extremely difficult or inconvenient." *Id.* at 903.

If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Ruffino v. Lokosky*, 425 P.3d 1108, 1113 ¶ 16 (Ariz. Ct. App. 2018) (due process requires that the method of service be "the best means practicable" to provide notice to the interested party).

**B. Analysis**

Plaintiff argues he has met his burden to show that traditional personal service is impracticable because "Hepp made at least three attempts at each address for Defendants" but was unable to effectuate service. (Doc. 14 at 6). Plaintiff further argues that the proposed method of alternative service comports with due process because "Defendants are either aware of the pending Complaint against them or have constructive knowledge of it." (Doc. 14 at 7). The Court next addresses: (1) whether traditional service is impracticable, and, if so, (2) whether the proposed method of alternative service comports with due process.

i. Pacific Financial Auto LLC

Plaintiff has made the requisite showing to justify alternative service on Pacific Financial. The report from Plaintiff's process server, Mark Hepp, reflects three attempts to serve Pacific Financial at two different locations. On July 4, 2025, Hepp first attempted service at the listed statutory agent address, but there was no answer. (Doc. 14-1 at 2). Hepp located a more current address (the "Glendale address"), and attempted service there on July 8, 2025. (Doc. 14-1 at 3). During this attempt, the Hepp successfully served the Velos by delivering the complaint and summons to Mrs. Velo. (Doc. 14-1 at 3). However, Mr. Velo was not there to accept service on Pacific Financial's behalf. (Doc. 14-1 at 3). Hepp emphasized the importance of Mr. Velo coordinating a time to serve Pacific Financial and gave his business card to Mrs. Velo. (Doc. 14-1 at 3). On July 10, 2025, Hepp returned to the Glendale address to attempt service for the third time. (Doc. 14-1 at 3). A red Jeep was parked in the driveway. (Doc. 14-1 at 3). Hepp rang the doorbell and knocked multiple times, but no one answered. (Doc. 14-1 at 3). It appears to the Court that although someone was home during this third attempt, no one was willing to answer to door to accept service. And, despite Hepp passing along his business card to Mrs. Velo and impressing upon her the need to serve Pacific Financial, Mr. Velo never attempted to coordinate service. (Doc. 14-1 at 3).

Given the three service attempts and Mr. Velo's apparent evasion of service, the

1 Court finds the "impracticable" requirement of Arizona Rule 4.1(k) is satisfied. Ariz. R.
2 Civ. P. 4.1(k); *see also Einstein Assocs. LLC v. DAP Indus. LLC*, No. CV-20-02184-PHX-
3 JAT, 2021 WL 2483576, at *1 (D. Ariz. Feb. 11, 2021) (finding service impracticable when
4 plaintiff attempted to serve Defendant's statutory agent three times at three different
5 addresses); *Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL
6 8326075, at *2 (D. Ariz. Jan. 10, 2019) (noting that, although plaintiff had not undertaken
7 "great effort" to personally serve the defendants, "great effort" "is not the standard for
8 impracticability").

9 Because alternative service of process is appropriate, the Court must determine
10 whether Plaintiff's proposed method of alternative service comports with due process. *Rio*
11 *Props., Inc.*, 284 F.3d at 1016; *Ruffino*, 425 P.3d at 1113 ¶ 16. Plaintiff proposes serving
12 Pacific Financial's statutory agent at his residential address by U.S. mail and certified mail.
13 (Doc. 14 at 5). The Court is confident that this proposed method of service will apprise Mr.
14 Velo of the pending action, *Rio Props., Inc.*, 284 F.3d at 1016; *Ruffino*, 425 P.3d at 1113 ¶
15 16, because his wife was personally served at this location. Indeed, service is a mere
16 formality at this point because it is clear Mr. Velo is aware of the present action. Appearing
17 pro se, he filed a motion to dismiss on Pacific Financial's behalf, which the Court addressed
18 previously in this Order. Because Mr. Velo's filing on behalf of Pacific Financial is being
19 stricken for being improperly filed, it does not waive or moot the need for service on Pacific
20 Financial.

21 <center>ii. The Southwest Auto Defendants</center>

22 Plaintiff has made the requisite showing to justify alternative service on the
23 Southwest Auto Defendants. Plaintiff's process server's report reflects four attempts to
24 effect service. The first two times that Hepp attempted service at Southwest Auto's
25 business address, Mr. Verdin was not there. (Doc. 14-2 at 2). After the second attempt, a
26 Southwest Auto employee provided Mr. Verdin with Hepp's contact information. (Doc.
27 14-2 at 2–3). Mr. Verdin subsequently called Hepp, who identified himself, explained the
28 need to serve Mr. Verdin, and attempted to coordinate a time for service. (Doc. 14-2 at 3).

1  Mr. Verdin refused to cooperate and advised Hepp that he could simply leave the
2  documents at the dealership without his presence. (Doc. 14-2 at 2). Two days after the call,
3  Hepp attempted to reach Mr. Verdin via text message (using the same number he originally
4  called from), but received no answer. (Doc. 14-2 at 3). Finally, on July 18, 2025, Hepp
5  attempted service at both Southwest Auto's statutory agent's address (attempt 3) and
6  Southwest Auto's business address (attempt 4), but was unsuccessful at each location.
7  (Doc. 14-2 at 3).

By refusing to arrange a time for service during his phone call with Hepp and by ignoring Hepp's subsequent text message, Mr. Verdin appears to be evading service. This fact, combined with the four separate attempts to effectuate service, demonstrate that traditional means of service are impracticable. Ariz. R. Civ. P. 4.1(k).

However, the Court is not convinced that the proposed method of alternative service comports with due process. *Rio Props., Inc.*, 284 F.3d at 1016; *Ruffino*, 425 P.3d at 1113 ¶ 16. Plaintiff requests leave to mail the complaint and summons to 717 W. Broadway Road, Suite B., Phoenix, Arizona 85041 (the "717 W. Broadway Road address"). (Doc. 14 at 7). This is Southwest Auto's statutory agent's address on file with the Arizona Corporation Commission. (Doc. 14-2 at 3). Only *one* of four service attempts was made at this address. During that attempt, Hepp "was told by an employee at th[at] location that they **do not know the defendants**." (Doc. 14-2 at 3) (emphasis added). The other three attempts were made at Southwest Auto's "place of business." (Doc. 14 a 3–4). Hepp spoke to the same employee ("a Hispanic male in his 30s") during each of those attempts, who appeared to know Mr. Verdin.[2] Plaintiff does not provide the address of Southwest Auto's "place of business," nor explain how the process server knew this was the entity's business address.

Based on this record, the Court does not find that service on only the 717 W. Broadway Road address comports with due process because, during the only attempt at

---

[2] During the first attempt, the employee informed Hepp that "[Mr. Verdin is rarely [there] in the morning, and isn't expected in today." (Doc. 14-2 at 2). The second time, the employee stated "[Mr. Verdin] is not here at the moment," and that he "is rarely seen here." (Doc. 14-2 at 2). The third time, the employee again stated that Mr. Verdin was not there, and asked if he could pass along a message. (Doc. 14-2 at 3).

- 7 -

that location, an employee told Hepp they did not know the Verdins. Mailing the complaint and summons to a place that appears to lack any ties to the Verdins or Southwest Auto will not notify Mr. Verdin of the pending action against him. *Rio Props., Inc.*, 284 F.3d at 1016; *see also Ruffino*, 425 P.3d at 1113 ¶ 16. And authorizing service to Southwest Auto's "place of business"—where the majority of service attempts occurred, and which appears to be a more reliable location to effect service—is not possible because Plaintiff has not disclosed that address or explained how the process server identified it as Southwest Auto's business location. Accordingly, Plaintiff's request to serve the Southwest Auto Defendants at the 717 W. Broadway Road address is denied without prejudice.[3]

### C. Conclusion

For the stated reasons, the Court will grant Plaintiff's motion for alternative service on Pacific Financial. (Doc. 14 at 5). *See Flores v. Elite Staffing Servs. LLC*, No. CV-24-02241-PHX-DWL, 2024 WL 4858394, at *1–2 (D. Ariz. Nov. 21, 2024) (granting plaintiff's request to serve defendants via "U.S. Mail and Certified Mail"); *Cabrera v. Felix Tire and Auto LLC*, No. CV-25-00339-PHX-MTL, 2025 WL 1332823, at *2 (D. Ariz. Apr. 18, 2025) (same). The Court will deny without prejudice Plaintiff's motion for alternative service on the Southwest Auto Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike (Doc. 13) is, therefore, **granted**. The motion to dismiss (Doc. 12) is stricken. Defendant Pacific Financial Auto LLC's answer or other response to the complaint (through licensed counsel) shall be due based on when service in completed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Alternative Service on Defendant Pacific Financial Auto LLC, Defendant Southwest Auto Sales & Finance LLC, and Defendants Jose G. Lopez Verdin and Jane Doe Verdin (Doc. 14) is **granted in part**

---

[3] The Court acknowledges that Mr. Verdin seems to be aware of the present suit, considering he previously spoke with the process server and already advised that the summons and complaint could be left at Southwest Auto's place of business (the address of which is unknown). However, Mr. Verdin must still be formally served (both personally and on Southwest Auto's behalf) because he has not waived service of process. Fed. R. Civ. P. 4(d).

1 **and denied in part** as specified above.

2      **IT IS FURTHER ORDERED** that, by September 22, 2025, Plaintiff must file with
3 the Court satisfactory evidence that a copy of the Summons, Complaint, and this Order
4 were mailed to Pacific Financial Auto LLC's statutory agent's residential address located
5 at 8045 W. Belmont Ave., Glendale, AZ 85303. The provision of this evidence shall be
6 deemed proof of service for Defendant Pacific Financial Auto LLC.

7      Dated this 12th day of September, 2025.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge