**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Lopez Amaya,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Auto Sales & Finance LLC, et al.,<br><br>Defendants. | No. CV-25-02180-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Renewed Motion for Alternative Service on the following defendants: Southwest Auto Sales & Finance LLC ("Southwest Auto"), Jose G. Lopez Verdin (Southwest Auto's statutory agent), and Jane Doe Verdin (collectively, "the Southwest Auto Defendants"). (Doc. 16). Plaintiff also requests an extension of time to serve the Southwest Auto Defendants. (Doc. 16). The Court now rules.

**I.      BACKGROUND**

Plaintiff worked as a mechanic for Downtown Motors, an automobile dealership in Phoenix, from March 2025 to June 2025 and sued the Southwest Auto Defendants (alleged owners of Downtown Motors) for failure to pay him for his final two weeks of work. (Doc. 1 at 4, 8–9). Plaintiff attempted to serve the Southwest Auto Defendants four times at two locations—once at Southwest Auto's statutory agent's address (as listed on the Arizona Corporation Commission's website), and three times at Southwest Auto's "place of business." (Doc. 14 at 3–4). Because service was unsuccessful, Plaintiff asked the Court to authorize alternative service on the Southwest Auto Defendants by mailing a copy of the

summons and complaint to Southwest Auto's statutory agent's address at 717 W. Broadway Road, Suite B., Phoenix, Arizona 85041 ("717 W. Broadway Road address"). (Doc. 14 at 2, 4). The Court denied Plaintiff's request without prejudice, finding that the proposed method of alternative service failed to comport with due process because it was unlikely to notify Mr. Verdin of the pending suit against him and Southwest Auto. (Doc. 15 at 7–8). The Court indicated that Southwest Auto's "place of business" was a more reliable place to effect service, but explained that authorizing service via mail to this address was not possible because Plaintiff never provided the business address. (Doc. 15 at 8).[1]

## II.   ANALYSIS

### a.   Renewed Motion for Alternative Service

Plaintiff now renews his request for alternative service. He reurges the arguments advanced in his previous motion (Doc. 14), asserting that traditional service is impracticable and that his proposed method of alternative service comports with due process. (Doc. 16 at 5–7). Plaintiff asks that the Court grant him leave to serve the Southwest Auto Defendants via U.S. Mail and Certified U.S. Mail to both (1) the 717 W. Broadway Road address and (2) Southwest Auto's business address, located at 610 N. 7th Avenue, Phoenix, Arizona 85007. (Doc. 16 at 1–2; Doc. 16-1, Doc. 16-2).

This Court previously found that Plaintiff made the requisite showing of impracticability to justify alternative service on the Southwest Auto Defendants. (Doc. 15 at 7). Now the Court must consider whether Plaintiff's revised method of alternative service comports with due process. The Court finds that it does, because serving the Southwest Auto Defendants at Southwest Auto's place of business is likely to apprise Mr.

---

[1] Plaintiff's Renewed Motion for Alternative Service incorrectly states that "the Court did not authorize[] alternative service on *either of the addresses provided by Plaintiff*—namely 717 W. Broadway Rd., Ste. B, Phoenix, AZ 85041 *and* 610 N. 7th Ave[.], Phoenix, AZ 85007." (Doc. 16 at 3) (emphasis added). To be clear, Plaintiff's prior Motion for Alternative Service (Doc. 14) did *not* provide the Court with two addresses. He only requested that the complaint and summons be mailed to the 717 W. Broadway Road address. While Plaintiff detailed the three service attempts made to Southwest Auto's "place of business," neither his motion (Doc. 14), nor the attached exhibits (Doc. 14-1, 14-2, 14-3) stated the business's address, or requested leave to effect service at that location.

Verdin of the pending action against him. (Doc. 15 at 6–8); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Ruffino v. Lokosky*, 425 P.3d 1108, 1113 ¶ 16 (Ariz. Ct. App. 2018). The Court will grant Plaintiff's motion for alternative service on the Southwest Auto Defendants.

        b.   <u>Extension of Time to Serve</u>

Plaintiff requests a 30-day extension, "through and including October 22, 2025," to serve the Southwest Auto Defendants.

Federal Rule of Civil Procedure 4(m) requires the Court to "extend the time for service for an appropriate period" if the plaintiff shows good cause for his failure to effect service within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). Even where a plaintiff fails to make a good cause showing warranting a mandatory extension of time, the Court may still grant such a request under its discretionary power. See *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m)."); *see also Landwer v. Royal Neighbors of Am.*, No. CV-24-03134-PHX-JAT, 2025 WL 1019243, at *2 (D. Ariz. Apr. 4, 2025) ("If the Court finds Plaintiff has not shown good cause, the Court still may grant the motion under its discretionary power.").

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Trueman v. Johnson*, No. CV 09-2179-PHX-RCB, 2011 WL 6721327, at *3 (D. Ariz. Dec. 21, 2011) (quoting *Lemoge v. U.S.*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009)). "To determine whether the plaintiff's failure to serve constitutes 'excusable neglect,' the court should examine the following factors: (1) the danger of prejudice to the defendant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pember v. Ryan*, No. CV-11-2332-PHX-SMM, 2014 WL 3397735, at *3 (D. Ariz. July 11, 2014). The Court should also consider whether the party to be served received actual notice of the suit. *Lemoge*, 587 F.3d at 1198 n.3.

Applying the above factors, the Court finds that good cause exists for Plaintiff's failure to serve the Southwest Auto Defendants. The delay in service is not for lack of

trying. Plaintiff's four service attempts were unsuccessful. (Doc. 15 at 3). Beyond these attempts, the process server spoke to Mr. Verdin on the phone and sent him a text message emphasizing the need to coordinate service. (Doc. 15 at 3). Given Plaintiff's efforts and his two motions for alternative service, (Doc. 14, Doc. 16), there is no basis for the Court to conclude that he is not acting in good faith. The record also suggests that Mr. Verdin has received actual notice of the pending lawsuit, (Doc. 15 at 8 n.4), which minimizes any prejudice to the Southwest Auto Defendants. And the proposed length of the delay does not concern the Court, as it will not meaningfully impact the ongoing proceedings. *Trueman*, 2011 WL 6721327, at *3 (D. Ariz. Dec. 21, 2011) (finding that plaintiff's request for "94 additional days to effect service" was an "insignificant" delay).

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Renewed Motion for Alternative Service on Defendant Southwest Auto Sales & Finance LLC and Defendants Jose G. Lopez Verdin and Jane Doe Verdin (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Serve, (Doc. 16), is **granted**. The deadline to serve Defendant Southwest Auto Sales & Finance LLC and Defendants Jose G. Lopez Verdin and Jane Doe Verdin is October 22, 2025.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  **IT IS FURTHER ORDERED** that, by October 24, 2025, Plaintiff must file with the Court satisfactory evidence that a copy of the Summons, Complaint, and this Order were mailed to both: (1) Southwest Auto's statutory agent's address located at 717 W. Broadway Rd., Ste. B, Phoenix, AZ 85041, and (2) Southwest Auto's business address located 610 N. 7th Ave, Phoenix, AZ 85007. The provision of this evidence shall be deemed proof of service for Defendant Southwest Auto Sales & Finance LLC and Defendants Jose G. Lopez Verdin and Jane Doe Verdin.

Dated this 24th day of September, 2025.

James A. Teilborg
Senior United States District Judge